*New-London,*
July, 1845.

Fish
*v.*
Brown.

17  341
76  322

## FISH *against* BROWN.

Where the plaintiff, in an action of debt, described the subject of the action, as a writing obligatory under the hand and seal of the defendant; and the instrument produced in evidence appeared to be no otherwise executed than by the signature of the defendant, with a scrawl annexed; it was held, 1. that by the common law, a scrawl does not constitute a seal; but 2. that it is sufficient to prove an allegation of a fact according to its legal effect; 3. that the statute of 1838, confirming deeds and bonds, gives the same legal effect to the instrument produced, as it would have, if actually sealed; 4. that it is to have this effect, not only as to the obligation created by it, but as to the description of it in pleading; consequently, that there was no variance between the declaration and the proof.

THIS was an action of debt on a probate bond. The declaration alleged, that *Esther Brown*, the defendant, as principal, with one *Roswell Brown*, then in full life, but since deceased, by a certain writing obligatory, under her hand and seal, by her well executed, dated the 4th day of *April* 1815, acknowledged herself to be holden, and firmly bound and obliged, to *Ralph Hurlbut*, as judge of probate, &c.

The defendant having prayed oyer of the writing obligatory and condition annexed, pleaded, 1st, that she did not sign and seal said writing obligatory ; 2dly, that the right of action accrued more than seventeen years before the commencement of the suit ; 3dly, full performance. Issues being joined on these pleas, the cause was tried, at *Norwich, September* term 1844, before *Hinman,* J.

The plaintiff offered in evidence a written instrument, of the tenor of that described in the declaration, signed by the defendant, and purporting to be sealed by her seal, but which was not sealed by her in any other manner than by a scrawl affixed to her signature. At the close of this instrument, immediately before the date, were these words : " signed with our hands and sealed with our seals." To the admission of it in evidence, under the plaintiff's declaration, the defendant objected ; but the court overruled the objection and admitted it.

The jury returned a verdict for the plaintiff ; and the defendant moved for a new trial, on the ground that the decision of the court in admitting the evidence objected to, was erroneous.

*Strong*, in support of the motion, contended, 1. That the allegation in the plaintiff's declaration that the defendant bound herself, by an instrument under hand and seal, was a material allegation, *descriptive* of the instrument declared on. *Greenl. Ev.* 80, 1, 2.

2. That a writing signed by the party, with a scrawl annexed, is not a sealed instrument. Whether a scrawl is, or is not, as available as a seal, it is clearly not the *same* thing.

3. That this being a matter of description, and the question one of identity, there is a *fatal variance,* independently of the validity of the instrument. A bond under the defendant's scrawl, may be as good as one under her seal; but if the plaintiff declares on a sealed instrument, and proves only a scrawled one, he does not support his declaration : the variance is a fatal one. Suppose the legislature had made a deed with one witness, valid ; and a party declares upon a deed with two witnesses ; will a deed with one witness support the declaration? The question is not as to the validity of either instrument ; but as to the identity of the instrument produced with that declared on.

*Pomeroy* and *Foster,* contra, insisted, 1. That written instruments and contracts, not only *may,* but *must,* be declared on according to their legal effect. 1 *Sw. Dig.* 601. *Bacon* v. *Page,* 1 *Conn. R.* 404.

2. That the writing offered in evidence in this case, was, by force of the statute, to every legal intent and purpose, precisely what the declaration described it, an instrument under seal. *Stat.* 393, 4. (ed. 1838.) *(a)* *Russell* v. *Hosmer,* 8 *Conn. R.* 234. Of course, there is no variance.

STORRS, J. The only question before us, is, whether the instrument produced in evidence, on the trial of this cause, was variant from that described in the declaration. The instrument is described as a writing obligatory under the hand and seal of the defendant ; on its production, it appeared to be no

(*a*) Three acts confirming deeds and bonds without seal, have been passed, at different times, *viz.* one in 1824, one in 1836 and one in 1838, all of the same effect, and nearly in the same words. They declare, " that all deeds and other conveyances of real estate, and bonds, which have been executed without seal, shall be valid as though the same had been sealed."

otherwise executed than by having affixed to it the name of the defendant, with a scrawl.

*New-London,*
July, 1845.

Fish
*v.*
Brown.

Although the instrument itself states, that it is signed by the defendant, with her hand, and sealed with her seal, it is clear from the authorities, that a scrawl does not, by the common law, constitute a seal; and that, therefore, it did not support the allegation of the declaration, which describes it as being sealed, unless by virtue of the statutes of 1824 or of 1838, each entitled " An Act to confirm Deeds and Bonds." By the former, it is enacted, that " all bonds, which have been executed without seal, shall be valid as though the same had been sealed ;" and by the latter, that " all instruments, which purport to have been intended as bonds with condition, under seal, which have been executed without seal, shall be valid as though the same had been sealed." *Stat*. 1838, *pp*. 393, 394. The question before us, therefore, depends on the operation of these statutes. As that of 1838 embraces and applies more precisely to the instrument in question than the other, and does not differ from it otherwise, the former may be laid out of view, as being unnecessary to be considered.

It is a familiar rule of evidence, that it is sufficient to prove an allegation of a fact according to its legal effect. *Stark. Ev. pt.* 4. *p*. 1565. Literal proof is not required. Hence an allegation that a party did a particular act, is satisfied by proof that the act, in legal effect, is his. Thus, an averment that the defendants accepted a bill of exchange, is proved by evidence of an acceptance by their authorized agent. So, in an action by the husband alone, on a bond alleged to be given to him, evidence of a bond to himself and his wife was held to support the allegation, for he had a right to reject the obligation to his wife, and in legal import, it was a bond to himself. *Heys* v. *Heseltine*, 2 *Campb*. 604. *Coare* v. *Giblet*, 4 *Esp. Ca*. 231. *Ankerstein* v. *Clarke*, 4 *Term R*. 616. *Stark. Ev. pt.* 4. *tit*. Variance .*Phelps* v. *Riley*, 3 *Conn. R*. 266. This principle, in our opinion, applies to the present case, and justifies the admission of the instrument in question in support of the declaration. We have no doubt, from the language of the act of 1838, that it was the intention of the legislature to give to that instrument the same legal effect and operation as it would have had, if it were actually sealed. All instruments not sealed, which purport to have been intended as bonds with

condition under seal, (which is precisely the description of the instrument in question,) are made, or declared to be, valid, as if the same were sealed. The object of the act was doubtless to make the instrument in law what the parties intended it to be, *viz.* an instrument under seal : and this object was effected, by declaring that it should be valid as though sealed, which, from the nature of the case, was the only mode in which it could be, by legislation, accomplished. The terms of the act not qualifying nor restricting such validity, but on the contrary putting the instrument, in this respect, on the footing of those which are sealed, by the most general and extensive form of expression, its true construction is, that the instrument should be valid, as if sealed, to all intents and purposes. It is thus, in legal contemplation and effect, made a sealed instrument ; for the effect and operation of an instrument gives it its legal character. We think, therefore, that it is to be treated as if it were sealed, not only in determining the obligation created by it, but in describing it in pleading. Indeed, we cannot believe, that, when the legislature thus validated these instruments as specialties, it contemplated that they should be treated otherwise than as such, in actions to be brought upon them.

In *Russell* v. *Hosmer*, 8 *Conn. R.* 229. 234. this court expressed an opinion in conformity with these views. On the trial of that case, which was an action of debt, in which the declaration alleged, that the defendant, by his certain writing obligatory, signed with his hand, acknowledged himself bound to the plaintiff in the sum of one thousand dollars, subject to the condition therein mentioned, and which was set out in the declaration, the plaintiff offered in evidence a writing, corresponding with the instrument described in the declaration, in all respects, excepting that it had no seal ; to the admission of which the defendant objected ; and the question of its admissibility was reserved for the advice of this court. Although the case was determined on another ground, the court took occasion to express an opinion on this point ; and after remarking, that the instrument on which the action was brought, assumed the form, and had all the solemnities, of a bond, except the seal, add : " This defect is supplied by the statute (of 1824.) It is, therefore, to every legal intent and purpose, an instrument under seal." It was not in terms alleged in the declaration to be sealed by the defendant ; but it was stated to be his " wri-

ting obligatory," which legally imports, and is therefore equivalent to an allegation, that it was sealed ; and it is well settled, that in declaring upon a bond, it is sufficient to describe it as a *writing obligatory*, without stating in terms that it was sealed. 1 *Chitt. Pl.* 364. (9th *Am.* ed.—6th *Lond.* ed.) 1 *Wms. Saund.* 291. n. 1.—320. n. 3. *Moore* & ux. v. *Jones,* 2 *Ld. Raym.* 1536. *Penson* v. *Hodges,* 1 *Cro. Eliz.* 737. *Ashmore* v. *Rypley, Cro. Jac.* 420. *Van Santwood* v. *Sandford,* 12 *Johns. R.* 197. *Com. Dig. tit.* Pleader. 2 W. 9. 14. That case, therefore, does not materially differ from the present, because it was not there expressly alleged, that the instrument was sealed, since a tantamount averment was made.

A new trial is not advised.

In this opinion the other Judges concurred, except CHURCH, J., who was absent.

New trial not to be granted.