SILAS S. SEAVER, administrator, *vs.* RICHARDS BRADLEY, trustee.

Suffolk.    March 6, 1901. — June 18, 1901.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Carrier*, Of passengers. *Elevator.*

One maintaining a passenger elevator in an office building is not a common carrier of passengers within the meaning of Pub. Sts. c. 73, § 6, giving a remedy for the loss of life of a passenger by reason of the negligence of "common carriers of passengers."

TORT under Pub. Sts. c. 73, § 6, to recover for the loss of life of the plaintiff's intestate by reason of the negligence of the defendant, alleged to be a common carrier of passengers, operating a passenger elevator in the building owned and managed by him as trustee numbered 171 A on Tremont Street in Boston. Writ dated December 7, 1898.

At the trial in the Superior Court, before *Sheldon,* J., the counsel for the plaintiff, in his opening to the jury, stated that he proposed to show that the building was an office building, consisting of six floors occupied by various tenants; that an elevator ran from the street floor to the top of the building, and was maintained by and under the control and management of the defendant, for the use of the tenants and their employees, and those who for any purpose desired to visit them; that the plaintiff's intestate worked for one of the tenants on the fifth floor of the building, and the accident happened while the plaintiff's intestate, being in the exercise of due care, was in the elevator being carried up to his place of business; that he was instantly killed by reason of the gross negligence of the defendant's servant or agent in operating the elevator, and on account of the gross negligence of the defendant in allowing the elevator to get out of repair so as to render it dangerous for passengers therein in the exercise of due care; and that the elevator had been out of repair and defective for a long time and was dangerous for passengers riding therein, all of which the defendant well knew.

At the conclusion of the opening, the judge asked the plaintiff's counsel if he contended that he could recover if the defendant was held not to be a common carrier of passengers. The plaintiff's counsel answered that unless the defendant was held to be a common carrier of passengers, at least as far as the plaintiff's intestate was concerned, he could not recover. The judge thereupon ruled that the defendant was not a common carrier of passengers, and ordered the jury to render a verdict for the defendant.

The jury returned their verdict as directed ; and the plaintiff alleged exceptions.

*J. E. Young*, (*F. J. Daggett* with him,) for the plaintiff.

*J. Lowell & J. A. Lowell*, for the defendant.

HOLMES, C. J.   Those who maintain a passenger elevator in an office building are not " common carriers of passengers " within the meaning of Pub. Sts. c. 73, § 6.  We assume that that section is not prevented from applying because it represents a statute passed before such elevators were in familiar use.  But the words do not describe the owners of an elevator.  The modern liability of common carriers of goods is a resultant of the two long accepted doctrines that bailees were answerable for the loss of goods in their charge, although happening without their fault, unless it was due to the public enemy, and that those exercising a common calling were bound to exercise it on demand and to show skill in their calling.  Both doctrines have disappeared, although they have left' this hybrid descendant.  The law of common carriers of passengers, so far as peculiar to them, is a brother of the half blood.  It also goes back to the old principles concerning common callings.  Carriers not exercising a common calling as such are not common carriers whatever their liabilities may be.  But the defendant did not exercise the common calling of a carrier, as sufficiently appears from the fact that he might have shut the elevator door in the plaintiff's face and arbitrarily have refused to carry him without incurring any liability to him.  Apart from that consideration, manifestly it would be contrary to the ordinary usages of English speech to describe by such words the maintaining of an elevator as an inducement to tenants to occupy rooms which the defendant wished to let.

The only question before us is the meaning of words. Therefore decisions that the liability of people in the defendant's position is not less than that of railroad companies do not go far enough to make out the plaintiff's case.

*Exceptions overruled.*