WILLIAM H. DOWNS *vs.* CLINTON B. SEELEY ET AL.

Third Judicial District, Bridgeport, October Term, 1903.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

A complaint alleging merely that the plaintiff, while lawfully riding on the defendant's freight elevator in the act of delivering ice to its club room on the second floor, was injured by a fall of the elevator due to the breaking of its cables, does not describe the relation of a passenger to a common carrier of passengers, nor does it disclose a situation which calls for the exercise of more than ordinary care upon the part of the defendant.

Upon a hearing in damages after a default, the burden assumed by the defendant does not extend beyond the disproof of such facts as are alleged with reasonable certainty in the complaint. Accordingly, if charged with " knowledge " of the defects which caused the plaintiff's injury, it is sufficient for the defendant to prove that he in fact had no knowledge of them ; he is not obliged to go further and disprove the nonexistence of circumstances from which knowledge might be imputed to him as a conclusion of law.

In the absence of a default, it is questionable whether such a variance between the plaintiff's allegation and proof might not, in the discretion of the trial court, be disregarded as immaterial.

Submitted on briefs November 10th—decided December 18th, 1903.

ACTION to recover damages for personal injury alleged to
have been caused by the defendant's negligence, brought to
the Superior Court in Fairfield County and heard in damages
to the court, *George W. Wheeler, J.;* facts found and judg-
ment rendered for nominal damages ($50) only, and appeal
by the plaintiff. *No error.*

*Thomas M. Cullinan* and *John Cullinan, Jr.,* for the appel-
lant (plaintiff).

*Alfred B. Beers,* for the appellee (the Algonquin Club
one of the defendants).

PRENTICE, J. This action was originally brought against
three individuals and the present defendant, the Algonquin
Club, herein referred to as the defendant.

The complaint, omitting the allegations of damage, was
as follows: "1. The defendants, Clinton Barnum Seeley,
Wilson Marshall and Wilson Marshall, Jr., are the owners of
a building on State Street, in said Bridgeport, and the de-
fendant, the Algonquin Club, is a tenant in possession of
a portion of said building. 2. There is in said building a
freight elevator, which elevator is owned by said defendants,
Clinton Barnum Seeley, Wilson Marshall and Wilson Mar-
shall, Jr., and is used exclusively by said Club for carrying
freight and other articles, and persons in charge of said
freight and other articles, to its rooms which are located on
the second floor of said building. 3. On December 30th,
1901, the said plaintiff was employed by the Bridgeport Ice
Co., to deliver ice to certain customers of said company,
among them being the said Club. 4. In pursuance of said
employment of delivering ice to the said Club, the plaintiff
was on said date riding on said elevator with the knowledge
of said defendants and their servants, and in accordance
with their instructions and orders, and while he was so do-
ing, without fault or negligence on his part, the cables sup-
porting said elevator broke, and said elevator fell, precipitat-
ing the plaintiff to the ground floor, a distance of over 20

feet.  5. The plaintiff, several times prior to said December 30th, 1901, had been ordered and directed by the defendants and their servants to take ice to said second floor by means of said elevator, and had been by them forbidden to carry ice to said second floor by any other way or entrance. 6. Said elevator fell on account of the defective construction and condition of said cables, which defects existed prior to the letting of said rooms and said elevator to the said Algonquin Club by the said Seeley and Marshalls, and on account of said cables being out of repair, all of which was known to the said defendants and their servants, and by reason of their negligence they failed to remedy the same in accordance with their duty."

The defendant suffered a default, and filed a notice that upon the hearing in damages it would offer evidence to disprove all the allegations of the complaint save those of paragraph one and portions of paragraph two, and to prove certain things unimportant to notice.

The court found that the accident arose from the breaking of the hoisting cable.  This cable, it was found, was a new, first-class one, installed by the defendant within a year of the accident; that it was of the best type, not defective in construction, properly attached to the elevator and hoisting machinery, having an ample working capacity, and that, under ordinary circumstances, it would have been safe for eight years.  The defendant proved, as the court found, that it had no knowledge or information of any defect in the cable, and that ordinary observation prior to the accident did not indicate that it was defective.  The defendant offered no evidence to prove that the cable was not defective prior to the accident.  It offered no evidence, and there was no evidence in the case, upon which the court could find as a fact the existence or nonexistence of such prior defect, or in what particular the defect, if any, consisted, or how long it had existed.  The court thereupon found and ruled that the defendant had not disproved the alleged existence of the defect; but that having disproved actual knowledge it had disproved the knowledge charged,

and thereby disproved the negligence alleged; and that therefore judgment for nominal damages, only, could be rendered against it, notwithstanding that it did not offer evidence to establish, and thereby establish, that the defect had not existed for so long a time or under such circumstances that it did not have the means of knowledge, which, with the exercise of ordinary care, would have given it actual knowledge, so that knowledge should not be imputed to it. This ruling and the incidental ruling that the rule of duty applicable to the situation was that of ordinary care, furnish the substance of the reasons of appeal.

Whatever might be said, upon the facts found, of the relation which existed at the time of the accident between the plaintiff and the defendant, and the consequent duty devolving upon the latter as respects the former, it is quite clear that the relation set out in the complaint as the basis of the plaintiff's claim for damages, and the duty relied upon, must be regarded as such as called for the exercise of only ordinary care on the defendant's part. To permit the complaint to be regarded as one which alleges a relation of passenger to common carrier of passengers, and charges a breach of the high duty imposed upon such carrier, would involve a stretch of construction which, after a default, would be unfair to the defaulting party. It cannot in justice be held to have admitted, by its default, any fact not alleged with reasonable certainty in the complaint, or to have assumed thereby the burden of disproving the existence of such fact at its peril. The relation of common carrier of passengers to passenger, and the consequent duty, are clearly not so alleged in this complaint. Its allegations are not such as are calculated to fairly apprise the adverse party that such a claim was being made against it.

In applying this rule of duty the trial court committed no error in holding that the defendant, by its default, assumed no obligation to disprove the existence of any facts save those alleged in the complaint with reasonable certainty, in order to lift from itself the burden of substantial damages ; and that imputed knowledge of the defect in

Downs v. Seeley.

question was not a fact so alleged. The complaint alleges knowledge. This allegation the court found disproved. Imputed knowledge is not of itself alleged, neither are any facts stated from which the legal conclusion of the existence of such knowledge could be drawn. It is urged, however, that the allegation of knowledge is sufficiently comprehensive to impose upon the defendant the duty to disprove the existence of imputed knowledge, and that the court erred because it did not render judgment for substantial damages for the defendant's failure to negative such knowledge.

We think that this contention is not well made. The plaintiff has charged knowledge, and not some legal equivalent thereof, and upon a default he must be confined to his averments as reasonably construed. It is unnecessary to hold that, if there had been no default and the plaintiff had been put to his proof of the allegations of the complaint, the variance between the allegation of knowledge and the evidence of facts establishing, as a legal conclusion therefrom, imputed knowledge, would have been so material that a court could not, with a due regard for the rights of the defendant, disregard it and admit the testimony. The liberality now exercised in this regard might, perhaps, under proper circumstances, justify such a procedure. But there has been a default suffered, and it is quite another thing to say that the allegation of actual knowledge so certainly and reasonably includes imputed knowledge, that the defendant has imposed upon it, as the result of its default, the burden involved in that inclusion. It is one thing to say that the court may in its discretion treat the variance as immaterial in a given case, and quite another to say that the averment of the complaint is such that the defendant's admission by his default extends of necessity to the full length suggested, and embraces not only what is in terms alleged but also all facts equivalent in their legal operation to that which is so alleged.

The plaintiff, in aid of his contention, appeals to the rule which provides that acts and contracts may be stated

according to their legal effect, and the principle that where acts are pleaded according to the legal effect the allegations may be supported by proof of facts having that effect. Rules of Court, p. 44, § 144; *Fish* v. *Brown*, 17 Conn. 341. The plaintiff here makes the mistaken assumption that actual and imputed knowledge are the same things. They may lead to the same results as respects one's duty or obligations, but they are different things. The one involves knowing in fact: the other may consist with ignorance in fact. The legal effect of facts justifying an imputation of knowledge is not knowledge. Such facts simply create a situation to which the law gives the same legal effect as that which attaches to actual knowledge.

There is no error.

In this opinion the other judges concurred.