CHARLES P. CLARKE *vs.* OLIVER AMES & others, trustees.

Suffolk. March 5, 1929. — April 1, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & FIELD, JJ.

*Landlord and Tenant,* Construction of lease, Covenant of indemnity against liability, Elevator. *Negligence,* Contractual limitation of liability, Elevator. *Carrier,* Of passengers. *Contract,* Validity, Of indemnity.

A covenant in a lease in writing of an office in a certain building, that the lessee would "save the lessor harmless and indemnified from all . . . liability . . . incurred . . . by reason of . . . any injury, loss or damage from any cause to any person or property . . . while in transit . . . [to the demised premises] or therefrom upon the . . . elevators," which were not a part of the leased premises and remained under the control of the lessor, applied to personal injuries sustained by the lessee through the negligence of an employee of the lessor in the operation of an elevator in which the lessee was a passenger while on his way to his office, and which had been installed subsequent to the execution of the lease. Following *Henry H. Tuttle Co.* v. *Phipps,* 219 Mass. 474.

As so applied, the covenant above quoted was not invalid, and it constituted a bar to an action of tort by the lessee against the lessor for such personal injuries.

In the operation of the elevator above described, the lessor was not a common carrier and was not subject to the principles of law which invalidate attempts by common carriers to secure by contract immunity from liability for negligence.

TORT. Writ dated December 13, 1927.

In the Superior Court, the action was heard without a jury by *Weed,* J., who ruled as a matter of law that the plaintiff could not recover, and found for the defendant. The plaintiff alleged exceptions. Material facts found by the judge are stated in the opinion.

The case was submitted on briefs.

*J. M. Maloney & M. B. Lynch,* for the plaintiff.

*S. H. Batchelder & W. B. Downey,* for the defendants.

FIELD, J.    This is an action of tort brought by the lessee of an office in a building on Boylston Street, Boston, against the lessors for personal injuries received by the plaintiff by reason of the negligent operation by an employee of the defendants of an elevator in said building in which the plaintiff was a passenger.    The case was tried by a judge of the Superior Court without a jury who found the facts, including the fact that the plaintiff, while in the exercise of due care, received injuries due to the negligence of the defendants' agent and servant, and ruled as matter of law that the plaintiff was barred from recovery in this suit by the covenant in the lease.    In accordance with this general ruling he denied and granted requests for rulings, and found for the defendants.    "It was agreed by the parties that if the judge was right in his finding, judgment shall be entered for the defendants on the finding; if he was wrong, judgment shall be entered for the plaintiff for $650 as of the date of the finding."    The finding for the defendants was right if the judge's ruling that the covenant barred recovery was right.    Whether or not this ruling was right is the sole question for determination by this court.    This question is here on the plaintiff's exceptions.

For a number of years the plaintiff, who was a dentist, held an office on the third floor of a building on Boylston Street, Boston, under a lease from the defendants.    The building was a large office building with numerous tenants.    Elevators were provided by the defendants for the use of the tenants and patients or customers of such tenants, and were operated and controlled by the defendants.    The original lease to the plaintiff was for a term of one year from April 1, 1924.    Each succeeding year it was extended for a term of one year, until finally, under date of February 12, 1927, it was extended to April 1, 1928.    This lease provided among other things: "No charge shall be made by the Lessor for any steam heat furnished in or for use of elevators to or from the demised premises, all of which it is the intention of the Lessor to fur-

nish in such manner and at such times as are usual in buildings of a similar class, but the Lessor shall not be liable for failure to furnish any of the same or for any loss or damage resulting from such failure . . . . The Lessee covenants to save the lessor harmless and indemnified from all loss, damage, liability or expense, incurred, suffered or claimed by reason of the Lessee's neglect or use of the demised premises or of said building, or of anything therein or used therewith or any neglect, use or escape of gas, water, steam, electricity or other agency, or by reason of any injury, loss or damage from any cause to any person or property upon or about the demised premises or while in transit thereto or therefrom upon the hallways, stairways, elevators or other approaches to the demised premises."

On November 2, 1927, in the afternoon, the plaintiff entered the building on the way to his office, was a passenger in one of the elevators operated by one of the defendants' employees, and was injured by reason of the elevator man's negligence in starting the car as the plaintiff was alighting. The elevator was installed after the last extension of the lease and was of a different type from the previous one.

The judge was right in ruling that the covenant in the lease barred recovery in this suit by the plaintiff.

The language of the lease, given its natural meaning, is broad enough to include an agreement on the part of the lessee to "save the lessor harmless and indemnified" from liability by reason of the injuries received by the lessee due to the negligence of the defendants' agent and servant in operating the elevator. This language includes expressly liability by reason of "any injury, loss or damage" from "any cause" to "any person" "while in transit" to or from the demised premises upon "elevators." The words "any cause" are broad enough to include negligence of the lessors or their agents and servants. Nothing in the context indicates a more restricted meaning. On the contrary, if these words were limited to the lessee's neglect or use of the "building, or of anything therein," they would be superfluous. The words "any person" are broad enough to include the lessee. He was "in transit" to the demised premises upon the eleva-

tor when he was injured. The word "elevators" included those installed after the last extension of the lease. In respect to its application to the negligence of the lessors and their agents or servants the agreement in the lease in this case is not distinguishable from that in the lease in *Henry H. Tuttle Co.* v. *Phipps*, 219 Mass. 474. See also *Fera* v. *Child*, 115 Mass. 32.

Where, as here, injury resulted to the plaintiff from the negligence of the defendants' agent or servant, the covenant does not merely give to the defendants a right of action for indemnity but bars the right of the plaintiff to recover for the negligence. *Henry H. Tuttle Co.* v. *Phipps, supra.* If for no other reason this is so in order to avoid circuity of action. See *First National Bank* v. *Watkins*, 154 Mass. 385; *Matheson* v. *O'Kane*, 211 Mass. 91, 94. As the elevator was not included in the demised premises and the defendants remained in control of it, it does not follow that they are relieved by the plaintiff's covenant from direct liability to third persons, including employees and patients of the plaintiff, rightfully using the elevator. See *Follins* v. *Dill*, 221 Mass. 93, 98; *S. C.* 229 Mass. 321; *Maran* v. *Peabody*, 228 Mass. 432; *Cussen* v. *Weeks*, 232 Mass. 563. Compare *Wixon* v. *Bruce*, 187 Mass. 232; *Boudreau* v. *Johnson*, 241 Mass. 12.

The construction here given to the plaintiff's covenant does not make it invalid as against public policy. There is no rule of general application that a person cannot contract for exemption from liability for his own negligence and that of his agents and servants. See *New York Central Railroad* v. *William Culkeen & Sons Co.* 249 Mass. 71, 75, 76. *Bigelow, Kennard & Co. Inc.* v. *Boston*, 254 Mass. 53. The plaintiff contends, however, that the defendants in operating the elevator were common carriers of passengers, or at least had the responsibilities of such common carriers, and invokes the principle that common carriers cannot secure immunity from liability for negligence by contract. But the defendants in operating the elevator were not common carriers. *Seaver* v. *Bradley*, 179 Mass. 329. *Griffen* v. *Manice*, 166 N. Y. 188, 198. The public duty which the common carrier performs in the carriage of passengers and freight is the ground for the

rule that it cannot contract for immunity from liability for negligence (*New York Central Railroad* v. *William Culkeen & Sons Co., supra*) and is also the ground for distinguishing the common carrier from the operator of an elevator, who performs no such public duty. *Seaver* v. *Bradley, supra.* Apart from restrictive legislation even a common carrier, if it is acting outside the scope of its public duty, may protect itself by agreement against liability for its own negligence and that of its agents or servants. *Bates* v. *Old Colony Railroad,* 147 Mass. 255. *Hosmer* v. *Old Colony Railroad,* 156 Mass. 506. *New York Central Railroad* v. *William Culkeen & Sons Co., supra. Santa Fé, Prescott & Phœnix Railway* v. *Grant Brothers Construction Co.* 228 U. S. 177. In the absence of a statute or an authoritative decision requiring it, we see no sufficient reason in public policy for refusing to enforce a contract, otherwise valid, by which a tenant of an office in an office building agrees with the landlords that, in spite of the retention of the control of an elevator by the landlords, the burden of liability for negligence in the operation thereof in carrying the tenant to and from that office shall fall upon the tenant.

<div align="right">

*Exceptions overruled.*
*Judgment for the defendants.*