Robert E. Florest vs. Standard Oil Company of New York } No. 78130.

January 17, 1930.

BAKER, J. Heard on plaintiff's demurrer to defendant's second and third amended pleas.

The issue presented on these pleas is whether the agreement, as pleaded therein, constitutes merely a contract of indemnity on the part of the plaintiff or whether the contract is not only one of indemnity but also one of exoneration, as the defendant contends.

The agreement as set up is, in the opinion of the Court, broad in its scope. In it the plaintiff agrees substantially to exonerate, save harmless, protect and indemnify the defendant from any and all losses, damages, etc., to property, or otherwise, caused by or resulting from the installation or use of the pump and tank in question, or due to the negligence of either of the parties, or otherwise.

While it is undoubtedly true, as claimed by the plaintiff, that in close cases courts tend to construe such contracts as providing for indemnity only rather than exoneration, still it is well settled that contracts of exoneration are valid and have frequently been so held.

> Clarke vs. Ames, (Mass.) 165 N. E. 696;
>
> Checkley vs. Ill. Cent. Rwy. Co., 257 Ill. 491;
>
> Weirick vs. Hamm Realty Co., (Minn., December, 1929);

Contracts of this type have been held not to be against public policy, especially in cases where private persons are involved.

> Page on Contracts, 2nd ed. p. 1348;
>
> Baltimore & Ohio &c. Rwy. Co. vs. Voight, 176 U. S. 498;
>
> Weirick vs. Hamm Realty Co., supra.

In an unreported case in the U. S. District Court, Northern Div., District of Maine, the same contract or agreement which is involved in the case at bar was before the Court for consideration and a demurrer to a declaration setting out this certain agreement was sustained.

> Daniel P. Thompson vs. Standard Oil Co. of N. Y., Law No. 178.

The Court is of the opinion that the defendant is entitled to plead said contract as matter of defence to the action brought against it by the plaintiff and his demurrer to said second and third amended pleas is overruled.

For plaintiff: Everett D. Higgins.

For defendant: Lee & McCanna.