MARTHA STRATTON *vs.* J. J. NEWBERRY COMPANY.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 5th—decided November 7th, 1933.

*John Henry Sheehan,* with whom was *Nathan A. Resnick,* and, on the brief, *Gilbert Sussman,* for the appellant (plaintiff).

*Harrison D. Schofield,* for the appellee (defendant).

AVERY, J.  The defendant operated a large store in Hartford for the sale of merchandise and in connection therewith maintained a passenger escalator between the first and second floors of the building.  There was also a stairway and an elevator connecting the two floors.  The plaintiff entered the premises to transact business, and having occasion to ascend from the first to the second floor took the escalator for that purpose. She claimed that while riding thereon it suddenly stopped and jerked, whereby she was caused to fall and was injured.  The case was tried to the jury and the only question involved in this appeal is the correctness of the charge of the court with reference to the stand-

ard of care required of the proprietor of the store in the operation of the escalator.

Upon this subject, the court instructed the jury that the plaintiff, having entered the premises for the purpose of transacting business, occupied toward the defendant the position of an invitee, and that the defendant owed to her the duty to use reasonable care to have and keep its premises and its escalator reasonably safe for such use on the part of the invitee as might reasonably be anticipated. The court further instructed them that the degree of care required is that which a reasonably prudent person would use under similar circumstances. In applying this rule the jury were instructed to consider all the facts and circumstances; that the care required in different situations varies with the conditions, but as a general rule the greater the danger the greater the care required to constitute reasonable care under the circumstances. The appellant claims that this instruction was erroneous and that the court should have informed the jury that in the maintenance and operation of the escalator the defendant was required to exercise the highest degree of care, and should have defined that term, the claim being, in brief, that the jury should have been instructed that a standard of care should have been used by the defendant in the maintenance and operation of its escalator such as is required of a common carrier of passengers. This position is supported by such cases as *Petrie* v. *Kauffman & Baer Co.,* 291 Pa. St. 211, 139 Atl. 878; *May Department Stores Co.* v. *McBride,* 124 Ohio St. 264, 178 N. E. 12, and by numerous decisions arising in connection with the operation of passenger elevators in buildings, of which *Treadwell* v. *Whittier,* 80 Cal. 574, 22 Pac. 266, 269, and *Springer* v. *Ford,* 189 Ill. 430, 59 N. E. 953, are illustrative examples.

In this State, we have uniformly held that the standard of duty required by the law to be exercised by the owner of premises toward an invitee thereon is that of reasonable care. *Firszt* v. *Capitol Park Realty Co.*, 98 Conn. 627, 635, 120 Atl. 300; *Glynn* v. *Lyceum Theatre Co.*, 87 Conn. 237, 241, 87 Atl. 796; *Godfrey* v. *Connecticut Co.*, 98 Conn. 63, 68, 118 Atl. 446; *Pomponio* v. *New York, N. H. & H. R. Co.*, 66 Conn. 528, 541, 34 Atl. 491. As applied to the duty of department stores toward those entering as customers, reasonable care must be exercised to have the premises safely constructed, and in their operation reasonable care must be employed for the protection of the invitee. Reasonable care is care proportionate to the nature of the instrumentalities involved and the circumstances ordinarily attending. It is always to be proportionate to the hazards reasonably to be apprehended. *Lunny* v. *Pepe*, 116 Conn. 684, 686, 165 Atl. 552; *Ward* v. *Avery*, 113 Conn. 394, 396, 155 Atl. 502; *Geohegan* v. *Fox & Co., Inc.*, 104 Conn. 129, 134, 132 Atl. 408. In operating its escalator for the convenience of its customers, the defendant was not a common carrier of passengers for the reason, pointed out by Holmes, C. J., in *Seaver* v. *Bradley*, 179 Mass. 329, 330, 60 N. E. 795, that it could have refused to carry the plaintiff without incurring any liability to her. See also *Woodward & Lothrop* v. *Lineberry*, 50 Fed. (2d) 314, 316; *Southern Ry. Co.* v. *Taylor*, 16 Fed. (2d) 517, 522. Indeed, to sustain the rule invoked by the appellant would result in one standard of conduct being required of the owner in respect of one instrumentality in a building and a different standard for another; in other words, if the plaintiff had elected to go upstairs by the staircase, a different standard of duty would have been imposed upon the defendant than if she had decided to ascend by the escalator or

elevator; and the operation of an escalator would thus constitute an exception to the general standard of duty imposed by the law upon the owners and occupants of real property to those invited to enter for the purposes of business. We see no reason for making this exception. As pointed out by Cullen, J., in *Griffen v. Manice,* 166 N Y. 188, 198, 59 N. E. 925, the operation of an elevator no doubt involves danger, and if accident occurs it may result in most serious consequences. It is not, however, the only dangerous appliance used in modern buildings; the boiler which furnishes steam heat, the conductors through which electric light is furnished may at times be the cause of serious accidents; an open hatchway is equally dangerous; yet to impose on an owner of a building any greater responsibility as to those matters than that of exercising reasonable care has never been attempted. It is very probable that in the advance of mechanical arts many new appliances will be introduced into buildings which will involve danger. The rule in New York is supported by courts of high authority. *Richter* v. *L. Bamberger & Co.,* 165 Atl. (N. J. L.) 289, 290; *Clarke* v. *Ames,* 267 Mass. 44, 165 N. E. 696, 697; *Edwards* v. *Manufacturers Building Co.,* 27 R. I. 248, 249, 61 Atl. 646, 647; *Burgess* v. *Stowe,* 134 Mich. 204, 210, 96 N. W. 29.

In *Firszt* v. *Capitol Park Realty Co., supra,* the defendant, proprietor of an amusement park, operated an "aeroplane swing" consisting of boats suspended in the air and revolving rapidly by machinery around a central pillar. Those riding in the apparatus were required to pay a fee. The plaintiff, having paid the usual charge, was injured by the falling to the ground of the boat in which she was riding owing to breakage of the rods by which it was suspended. We held that the defendant was not bound to exercise toward the

plaintiff the high degree of care required of a common carrier toward a passenger, but rather that the relation of the plaintiff was that of an invitee for whose protection the defendant was bound to exercise the care of an ordinarily prudent person under the circumstances. In this connection, we said (p. 635): "One traveling upon his lawful occasions must perforce use the ordinary means of transportation, and is practically compelled to place himself in the care of carriers of passengers, and so the rule applied to carriers holds them to the highest degree of care and diligence. On the other hand, one desiring for his delectation to make use of pleasure-giving devices similar to the one in question is under no impulsion of business or personal necessity. He is seeking entertainment, and when invited by a manager to avail himself of the equipment provided for certain forms of amusement, he can properly ask only that he be not exposed by the carelessness of those in charge of any given instrumentality to harm preventable by care appropriate to the operation of such instrumentality." The principle enunciated in this decision is controlling in the instant case. The charge of the court was in accordance with this principle.

There is no error.

In this opinion the other judges concurred.