[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
In this action, the plaintiff, George Michel, is CT Page 767 seeking to recover for personal injuries he sustained while riding as a passenger in a hot air balloon operated by the defendant George Melchin and owned by defendant Gilbert Foster, d/b/a Mystic River Balloon Adventures. The defendants have moved for summary judgment as to counts II and IV of the amended complaint, which allege that the defendant Gilbert Foster is a "common carrier."
MOTION TO STRIKE
Whenever any party wishes to contest the legal sufficiency of a complaint, that party may do so by filing a motion to strike the contested pleading or part thereof. Connecticut Practice Book Section 152 (rev'd to 1989). In ruling on a motion to strike, the court is limited to the facts alleged in the addressed pleading. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988); Fraser v. Henninger, 173 Conn. 52, 60 (1977). In ruling on a motion to strike, the court is also limited to the grounds raised in the motion. Blancato v. Feldspar Corporation, 203 Conn. 34, 44
(1987).
In considering a motion to strike, the court construes the allegations in a manner most favorable to the pleader. Id. at 36. All well pleaded facts are admitted as true, but neither legal conclusions nor the truth or accuracy of opinions are admitted. Mingachos v. CBS, Inc., 196 Conn. 91,108 (1985). If the facts provable under its allegations support a defense or a cause of action, the motion to strike must fail. Id. at 109.
FACTS
The deposition attached to the motion for summary judgment establishes for the purposes of this motion the following facts:
The defendant Gilbert Foster was in the balloon ride business. He advertised his business in the yellow pages and charged people $225 for a one-hour balloon ride. The only limitation on customers for the hot air balloon rides would be their age and medical condition. The plaintiff took the balloon ride in question with the defendant for pleasure rather than for business purposes.
LAW
In arguing that the defendant Gilbert Foster is not a "common carrier," the defendant cites from Firszt v. Capitol Park Realty Co., 98 Conn. 627 (1923), where the court stated CT Page 768 the common carrier rule as follows:
 (f)ounded upon the occasion of use of the respected instrumentalities. One travelling upon his lawful occasions must perforce use the ordinary means of transportation, and is practically compelled to place himself in the care of carriers of passengers, and so the rule applied to carriers holds them to the highest degree of care and diligence. On the other hand, one desiring for his delectation to make use of pleasure-giving devices similar to the one in question is under no impulsion of business or personal necessity. He is seeking entertainment, and when invited by a manager to avail himself of the equipment provided by certain forms of amusement, he can properly ask only that he be not exposed by the carelessness of those in charge of any given instrumentality to harm preventable by care appropriate to the operation of such instrumentality.
The defendant then makes the following argument.
George Michel's testimony clearly establishes that his occasion for using the balloon ride was fun or entertainment. He had no business or personal necessity which required him to use the balloon ride. He was not using the balloon ride to travel from one place to another. The balloon ride was clearly supposed to be a delightful, pleasurable experience. As such, in line with the Connecticut Supreme Court's analysis in Firszt as to when the "common carrier" standard applies, there exists no question of material fact that Foster is not a "common carrier." Therefore, the defendants are entitled to summary judgment on counts II and IV of the plaintiffs' amended complaint wherein the plaintiffs allege Foster is a "common carrier."
Finally, the defendants note that the Connecticut Supreme Court restricted the application of the "common carrier" standard and consistently refused to extend it. In Hunt v. Clifford, 152 Conn. 540 (1965), the court refused to extend the "common carrier" standard to a school bus under a contract of transportation. The court also noted that the "common carrier" standard would clearly not apply to ambulances or police cars. Id. at 543. In Downs v. Seeley,76 Conn. 317, the court refused to apply the standard to an CT Page 769 elevator and, in Stratton v. J. J. Newberry Co., 117 Conn. 522, the court refused to apply the standard to an escalator. Clearly, the "common carrier" standard should not be applied to the hot air balloon ride involved in this case.
The Court is not persuaded by that argument.
An entity is a common carrier of passengers if it undertakes the carriers for hire, indiscriminately, all persons who may apply for passage, provided there is sufficient space and room available and no legal excuse exists for refusing to accept them. Hunt v. Clifford, 152 Conn. 540,543, 209 A.2d 182 (1965).
Neither party has cited to the Court any cases in which the status of a hot air balloon ride business was addressed by the court. This Court does not believe that the fact that a hot air balloon passenger does not necessarily know what its final destination would be or that a person takes the hot air balloon ride purely for pleasure determines whether or not an entity is or is not a common carrier. The fact that an individual takes a ride on a hot air balloon, a helicopter, or space capsule purely for pleasure does not determine whether the entity is a common carrier. Those cases that have referred to the entertainment aspect of the use of the device have all involved devices that are orientated to the specific premises where the device is located. Thus, in Firszt, the plaintiff was injured when thrown from a ride called a "aeroplane" at an amusement park operated by the defendant. Stratton v. J. J. Newberry Co., 117 Conn. 522,169 A. 56 (1986), involved an elevator in a department store. In declining to extend common carrier status to an escalator, the court, in Stratton, stated in part as follows:
 (To apply a common carrier standard to a store operating an escalator for the convenience of its customers) would result in one standard of conduct being required of the owner in respect of one for another; in other words, if the plaintiff had elected to go upstairs by the stairway a different standard of duty would have been imposed upon the defendant than if she had decided to ascend by the escalator or elevator; and the operation of an escalator would thus constitute an exception to the general standard of duty imposed by the law upon the owners and occupants of real property to those CT Page 770 invited to enter for the purpose of business. (emphasis provided)
The Stratton language referred to the duty imposed by law upon owners and occupants of real property to those invited to enter for the purpose of business. The Court construes that language to indicate that the common carrier status is not given to services such as elevators and escalators that are found on business properties. There is no requirement under the Connecticut definition of a common carrier that it be a carrier that has a known fixed destination or that the use of the carrier cannot be for pleasure only.
The motion for summary judgment is denied.
AXELROD, J.