Smith, J.
The plaintiff, Rosamond Bastable (“Bast-able”), commenced this action against the defendant, Liberty Tree Mall Limited Partnership (“Liberty"), alleging that Liberty’s negligent maintenance of its property caused her to slip and fall and sustain injury. Liberty has moved for summary judgment pursuant to Rule 56(b). of the Massachusetts Rules of Civil Procedure. The motion for summary judgment is ALLOWED.
FINDINGS OF FACT
On September 12, 1993, Bastable enrolled in the “STEPPIN’ OUT!” walking program sponsored by Liberty Tree Mall and Beverly Hospital. The program permitted people in the community to walk in the mall for exercise each day prior to the mall opening to the public. In order to participate in the program, Bastable was required to sign a release. The clauses of the release pertinent to this summary judgment motion read as follows:
We are pleased to extend use of Liberty Tree Mall premises during non-operational hours, however, please be advised that certain hazardous conditions may exist as this is the time during which normal maintenance and housekeeping tasks are performed. This includes exterior landscaping and snow removal activities.
Therefore, please understand that you must hold the Mall harmless for any loss, cost, damage or injury that may take place on Mall property during the time you are on the site as part of the STEPPIN’ OUT WALKING PROGRAM. In addition, you must agree to indemnify the Mall for any loss, any injury that may take place during the time you are on the property for the purpose of the STEPPIN’ OUT WALKING PROGRAM.
On January 10, 1994, Bastable arrived at the Liberty Tree Mall to participate in the STEPPIN’ OUT program. As she was leaving the mall, Bastable fell and fractured her leg. Bastable now brings a negligence action against Liberty alleging that a cracked tile caused her to slip and fall. Liberty maintains that the release Bastable signed expressly bars her negligence action because the release holds Liberty harmless for injuries that occur while the walkers are participating in the STEPPIN’ OUT program.[1]
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact in dispute and where the moving party is entitled to judgment as *218 a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat'l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue “and that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 17 (1989).
The release Bastable signed was a valid and lawful waiver. “There is no rule of general application that a person cannot contract for exemption from liability for his own negligence.” Clark v. Ames, 267 Mass. 44, 47 (1929). See also Cormier v. Central Massachusetts Chapter of the National Safety Council, 416 Mass 286, 288 (1993) (organizer of motorcycle safety course can exempt itself from liability for its own negligence by requiring participants to sign a release). Moreover, a release which allocates risk is not against public policy. Id. at 289; Clark v. Ames at 48.
Bastable does not allege that the release was unlawful; rather, she claims that the release applies only to injuries caused by general maintenance activities (such as snow removal and landscaping) and that her injuiy did not arise from these activities. She argues that because Liberty specifically mentioned the maintenance activities in the first paragraph of the release, Liberty intended to limit its liability only in regard to injuries caused by those particular activities.
Massachusetts courts will broadly interpret a release if the language in the release is comprehensive in nature. In Cormier, the plaintiff signed a release which exempted the defendant “from any and all liability . . . for . . . injuries arising out of participation in the motorcycle training course.” Id. at 287. While the plaintiff was participating in the course, she sustained injuiy due to the defendant’s negligence. The court held that while the release did not mention the term negligence, the release was unambiguous and comprehensive enough to bar a claim in negligence although the release did not specifically mention the term. Id. at 288. Similarly, in Clark v. Ames, a lessee signed a lease which “save[d] the lessor harmless and indemnified from . . . any injury ... to any person .. . while in transit thereto or therefrom upon the hallways, stairways, elevators or other approaches to the demised premises.” Id. at 46. The plaintiff was injured in an elevator due to the negligence of the lessor’s agent. The court ruled that although the lessor’s agent was not specifically mentioned in the lease, the language of the lease was broad enough to exempt the lessor’s agent from liability. Id.
Additionally, Massachusetts courts have held that if the parties intend that an exception to a general release exist, they must include that exception in the release. In Tupper v. Hancock, 319 Mass. 105, 106, fn. 1 (1946), the creditor plaintiffs, under the assumption that the estate was bankrupt, signed a release discharging the estate administrator “from all debts, demands . . . [and] causes of action.” When the estate later received additional assets, the plaintiffs sued to recover their debts. The court held that the release language was unequivocal and that if the plaintiffs had wanted to reserve their right to collect debts when additional assets became available, they should have included this exception in the release. Id. at 108. A release “is to be given effect even if the parties did not have in mind all the wrongs which existed at the time of the release ... If exceptions to the scope of the [release] were intended, they should have been stated. ” Schuster v. Baskin, 354 Mass. 137, 140 (1968). See also Naukeag Inn, Inc. v. Rideout, 351 Mass. 353, 356 (1966).
Liberty’s release states that the walker must “hold the Mall harmless for any loss, cost, damage or injuiy that may take place on Mall property during the time [the walker is] on the site as part of the STEPPIN’ OUT WALKING PROGRAM.” (Emphasis added.) The release clearly states that Liberty can not be held liable for any injuiy that occurs while the walker is participating in the program. The paragraph regarding maintenance activities which precedes the paragraph regarding indemnification merely serves as a notice to the participant of the type of hazardous conditions that may exist on the premises while the walkers are participating in the program. The mere mention of the maintenance activities in the first paragraph does not limit Liberty’s liability to only those accidents which arise from maintenance activities. If Liberty had intended to limit its liability to only those accidents arising from maintenance tasks, it would have specifically stated so in its release. Instead, the release holds Liberty harmless for “any . . . injury that may take place on mall properly” whether or not it results from a maintenance activity. Because the release does not specifically limit Liberty’s liability to injuries arising from maintenance tasks but instead exempts Liberty’s liability for all injuries no matter how they occur, the plaintiffs negligence action is barred.
CONCLUSION
Bastable’s negligence action is barred by the release she signed when she enrolled in the STEPPIN’ OUT walking program. Because the release holds Liberty harmless for all injuries which occur while the walker is participating in the program, Liberty is not liable for Bastable’s injuries.
ORDER
For the above reasons, the court hereby ORDERS that the defendant’s Motion For Summary Judgment is ALLOWED.

Bastable claims that because she had completed the program at the time other fall the release does not apply. This court finds that Bastable was on the premises exclusively for the purposes of participating in the program and that the release applies to Bastable’s injury. The plaintiffs affidavit and other submissions do not raise a material issue of fact on this point.