## ELI ENSIGN *vs.* WYLLIS BARTHOLOMEW.

A. and B. each brought an action against C. to try the same question of title to an undivided part of a tract of land. A.'s action was continued, by agreement of the parties thereto, to abide the decision in B.'s action, in which C. afterwards obtained a verdict, and recovered judgment for costs against B. Thereupon A. submitted to a nonsuit in his action against C. and C. had judgment for costs. *Held,* that this latter judgment was not a bar to a subsequent action by A. for the same cause.

WRIT of entry to recover an undivided third part of a tract of land. The facts on which the question, raised in the case, was submitted for decision, are set forth in the opinion of the court.

*Byington,* for the demandant.

*E. H. Kellogg,* for the tenant.

SHAW, C. J. It appears that in a former suit between these parties, on the same title, being a real action for an undivided part of a tract of land, the parties agreed, in the court of common pleas, that the action should abide the decision of another then pending in that court, involving the same question, between one Owen and the present defendant, then intended to be tried. It further appears that the case of Owen against the present defenlant was brought into this court, and that there was a verdict

and judgment for the defendant. After this decision, the case between the present parties, which was still pending in the court of common pleas, was disposed of by a nonsuit, and the defendant had judgment for his costs. The defendant now insists, that this agreement, and the judgment of nonsuit, subsequently entered, ought to be deemed a bar to another action for the same cause, because the verdict and judgment, in the case referred to, had the effect and operation of barring another suit for the same cause. The question is not now, whether under that agreement, the court of common pleas would have been authorized to enter another and different judgment than that of nonsuit, but what is the effect of that judgment, taken in connexion with the agreement.

Whatever may be the authority of counsel and attorneys over causes, for the conduct and management of which they are retained, and whatever may be the effect of an agreement, made for the trial and disposition of causes, as for a default, nonsuit, discontinuance, reference, verdict, &c. with all such limitations and conditions, as they may think fit to annex to them ; in general they are to be considered not as collateral and independent contracts to be enforced elsewhere, but as agreements made in the cause, and to be carried into effect specifically, by the court, in the disposal of the cause, pursuant to such agreement. They constitute a proper basis, upon which the court will act in the conduct or final disposition of the cause. They proceed on the maxim, *volenti non fit injuria.* What the authorized representatives of the parties, charged with the care and protection of their respective rights in the management of their causes, assent to, cannot injure them. But such agreements are considered as under the control of the court, and if the court perceive that they were made through mistake or surprise, or that they will have an injurious effect upon the rights of either party, not foreseen or intended, the court will discharge them, and remit the parties to their legal rights. *Haskell* v. *Whitney,* 12 Mass. 47.

But in general, when the cause is terminated by a judgment, or final disposition of the action, the agreement has had its full operation, and the rights of the parties will be determined by

the judgment of the court as recorded, and not by the steps which led to it.

Further, as it is competent for the parties to make such agreements, it is also competent for them to modify or waive them. And if a cause is disposed of, in a manner different from that stipulated in such interlocutory agreement, and as a judgment after appearance cannot be rendered but by the express consent, or tacit acquiescence of the parties ; when a final judgment is rendered, different from that expressed in such agreement, it affords a conclusive presumption, that the agreement was waived or modified. Taking these views to be correct, the court are of opinion, that the judgment in the former case is no bar to the present.

A judgment of nonsuit is certainly no bar to another action for the same cause. And the court are of opinion that in the present case no additional force or legal effect can be given to that judgment, in consequence of the agreement to abide another case. By the nonsuit entered in the former action between these parties, after the verdict and judgment in the case which it was agreed to abide, we must presume either that such disposition of the cause was the one originally contemplated and understood by the agreement, or that the agreement itself had been waived or modified by the parties ; and in either case, it is to have the legal effect of a judgment of nonsuit, and no more. This cause, therefore, is to stand for trial, unaffected by the proceedings in the former case.