JOSEPH C. ORTOLANO *vs.* U-DRYVIT AUTO RENTAL
COMPANY, INC.

Suffolk.   December 9, 1936. — January 25, 1937.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & QUA, JJ.

*Contract*, Construction, Validity, Of indemnity, For hiring of motor
vehicle. *Negligence*, Contractual limitation of liability, Motor ve-
hicle.

One, who hired an automobile, to be driven by himself, by a contract
in writing with the owner in which he admitted that it was in good
condition when he received it and agreed that in case of "injury to
any person" he would pay all damage, not covered by statutory in-
surance, which the owner might "pay as a result of said . . . injury
to said person," was precluded by the contract from recovery against
the owner for injuries to himself resulting from the automobile's
having a defective brake; and such contract was not illegal on the
ground that it protected the owner from liability for his own negli-
gence.

TORT.   Writ in the Superior Court dated March 24, 1932.

The action was tried before *O'Connell*, J., who ordered a
verdict for the defendant and reported the action.   The con-
tract in writing described in the opinion was in the form of a
lease of an automobile and contemplated that the plaintiff
would drive the automobile in person.

*M. I. Smith*, for the plaintiff.

*P. H. Tenney*, for the defendant, submitted a brief.

QUA, J.   The plaintiff sues for personal injuries sus-
tained by him while endeavoring to stop an automobile
which he had left parked by the curb, but which, as he con-
tends, started again, owing to a defective brake, and was
headed toward some children when his attention was called
to it.

The plaintiff shortly before the accident had hired the
automobile from the defendant under an "Automobile
Rental Agreement" signed by the plaintiff wherein the
plaintiff as lessee "admits and concedes that he has exam-

ined said automobile and that the same is in good, safe and serviceable condition." The agreement further states, "I have received this car in good condition," with an exception not here material. Another paragraph reads as follows: "As an inducement to the lessor to rent said automoble to said lessee, said lessee hereby represents to said lessor that he, the said lessee, will return said automobile at the time herein stated, that he will not drive said automobile more than the number of miles herein stated, that in case of accident or injury to said automobile, he will pay the cost and expense of putting said automobile in as good condition as before said rental, and damages arising from loss of use of said automobile, regardless of whether said lessee is at fault for said accident or injury; that he will pay to the lessor damages arising from fire or theft of said automobile, not covered by insurance; that in case of accident or injury to any person or persons he will pay all damage to such person or persons, except as he may be covered by the statutory liability insurance purchased by him at the time he rented said automobile, i.e. $5000 where one person is injured and $10,000 where two or more persons are injured, plus all costs and expenses of any sort whatsoever including attorneys fees which the lessor may pay as a result of said accident or injury to said person or persons. It is understood and agreed that in case of damage to the property of others that the lessee will be liable for any damage done. That said representations are true and that the same are made with the intent that said lessor shall act upon them and rely on the same in renting said automobile to said lessee."

It seems to us to have been the plain intent of this agreement to shift the entire burden of accident, in so far as not covered by insurance, to the plaintiff. In addition to the admissions that the automobile was in good condition when the plaintiff received it, there is an express agreement that in case of "injury to any person" the plaintiff will pay all damage not covered by the statutory insurance "which the lessor may pay as a result of said accident or injury to said person or persons." This provision would require the

plaintiff to repay to the defendant any sum which the defendant might be required to pay as a result of injury to the plaintiff. Its effect is to bar recovery by the plaintiff. *Clarke* v. *Ames*, 267 Mass. 44. If the automobile had in fact hit the children, the plaintiff would have been obliged to pay the damages, if not covered by insurance. The parties could not have intended that the plaintiff, who would be thus liable to exonerate the defendant from all damages sustained by third persons as the result of an accident as well as to pay for any damage to the automobile, could recover from the defendant for injuries sustained by himself in the same accident. The whole tenor of the agreement is against such a construction.

The agreement is not illegal on the ground that it protects the defendant from liability for its own negligence. *New York Central Railroad* v. *William Culkeen & Sons Co.* 249 Mass. 71. *Clarke* v. *Ames*, 267 Mass. 44. Cases turning upon the duty of common carriers are not in point.

*Judgment for the defendant on the verdict.*