OSCAR W. MACFARLANE's (dependent's) CASE.

Suffolk.    November 3, 1953. — December 3, 1953.

Present: QUA, C.J., WILKINS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Workmen's Compensation Act,* Dependency; Release; Procedure: recommittal to Industrial Accident Board. *Release.*

By reason of an injury to an employee compensable under the workmen's compensation act, his wife has a right to dependency compensation contingent upon his death from the injury and her surviving him which she before his death may release or contract not to sue upon. [576]

A workmen's compensation case must be remanded to the Industrial Accident Board on appeal from a decree awarding compensation where an erroneous ruling by the board resulted in a lack of findings by it respecting a defence raised by the insurer. [576–577]

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the workmen's compensation act.

The case was heard by *Nagle*, J.

*James C. Gahan, Jr.*, for the self insurer.

*Walter G. Powers*, for the claimant.

WILKINS, J. Glenwood Range Company, a self insurer, appeals from a decree awarding dependency compensation and other sums to Alice MacFarlane, the widow of the deceased employee, Oscar W. MacFarlane,[1] who contracted a case of silicosis arising out of and in the course of his employment and, in consequence thereof, died on January 11, 1951. The self insurer contends that the claimant's right is barred because during the life of her husband she participated with him in signing a lump sum agreement.

The reviewing board adopted the decision of the single member, which so far as material is: "The employee under date of October 15, 1950, resolved his rights to incapacity compensation by an agreement to redeem liability by the payment of a lump sum of $6,584.62, making [with] weekly payments theretofore received by him a total of $8,391.77. It is the contention of the self insurer that any claim of the widow for dependency compensation was concluded by the agreement of the deceased when he settled his rights to incapacity compensation. This attitude of the self insurer may be because the now widow signed with the employee in connection with said settlement, and, as administratrix of his estate, cashed the settlement check. I rule that the self insurer's position is not well taken, that the widow had no rights which she could sign away in connection with her husband's settlement of his rights, and that his settlement of his claim could not defeat any rights of the claimant widow. (*Cripps's Case*, 216 Mass. 586; *Burns's Case*, 218 Mass. 8; and *Cherbury's Case*, 251 Mass. 397.)"

The self insurer does not take the position that the em-

---

[1] There was also an order for the payment of $250 into the special fund in the custody of the State Treasurer. G. L. (Ter. Ed.) c. 152, § 65N, inserted by St. 1945, c. 623, § 3. See now St. 1949, c. 689.

ployee's settlement of his claim is a bar to the widow, but argues that what she did herself with respect to that settlement does constitute a bar. See *Wallace* v. *Lux Clock Co.* 120 Conn. 280.

The reviewing board did not undertake to find all the facts upon which the self insurer's defence is based. At the hearing before the single member the agreement, dated October 15, 1950, for redeeming liability by payment of a lump sum, approved by the board on November 20, 1950, was made part of the record by agreement. This was signed by the employee and by the claimant upon a form apparently provided by the department of industrial accidents. It reads: "Received of Glenwood Range Co. the lump sum of 6584 dollars and 62 cents ($6584.62), making, with weekly payments already received by me, the total sum of 8391 dollars and 77 cents ($8391.77). Said payments are received in redemption of the liability for all weekly payments now or in the future due me under the Workmen's Compensation Act, for all injuries received by me on or about the 15th day of December 1948, or any other date, while in the employ of the above named employer, subject to the approval of the Department of Industrial Accidents. This includes all medical and legal expenses. [Signed] Oscar W. MacFarlane Employee or Dependent [Signed] Alice MacFarlane wife  29 N. Precinct Street Street and number East Taunton City or Town [Signed] Glenwood Range Company Insurer By James C. Gahan, Jr." The agreement was witnessed.

Also in the record is a check on a Boston bank dated January 2, 1951, for $5,609.62 payable to Oscar W. Mac-Farlane, signed "Brown, Field & McCarthy Settlement Account for Glenwood-Lloyd Claims by James C. Gahan Jr." The indorsement is "Alice MacFarlane administratrix of the estate of Oscar W. MacFarlane deceased."

The three cases cited by the reviewing board do not sustain its ruling that the widow had no rights she could sign away. The only case of the three to which we need refer is *Cripps's Case,* 216 Mass. 586, which held that a release solely

by the employee did not bar the widow's claim arising after his death. At page 589, it was said, "The right of recovery expressly given to his widow cannot accrue until his death. Having been created for her benefit, it is independent of his control, and under § 22 [1] can be discharged only by herself where she is the sole dependent, or by those authorized to act in her behalf." Compare *King* v. *Viscoloid Co.* 219 Mass. 420, 422–423. In *Brophy's Case*, 327 Mass. 557, 561, there appears the following pertinent language: "While it is true that the right of a dependent does not arise until after the death of the employee, it is also true that the right of the dependent to payment originates in the injury and particularly depends upon the date of the injury."

At the time of the lump sum agreement the wife had a right contingent upon her surviving the employee. There is nothing in the workmen's compensation act which takes this unmatured right out of the general rule that a right which has not yet arisen may be released or made the subject of a contract not to sue. *Radovsky* v. *Wexler*, 273 Mass. 254, 257. *Continental Corp.* v. *Gowdy*, 283 Mass. 204, 215–216. *Pitman* v. *J. C. Pitman & Sons, Inc.* 324 Mass. 371, 375. Restatement: Contracts, § 402, comment (b). Restatement: Torts, § 900. Williston, Contracts (Rev. ed.) § 1823.

Whether the claimant in fact did contract to give up her claim, as the self insurer contends, is another matter. Findings as to the circumstances of the claimant's signing the lump sum agreement are lacking. The reason for the wife's signature on the agreement is not at all clear from an inspection of the writing alone. On this record, we are in no position to say that it is surplusage and of no legal effect, as she contends. The erroneous ruling of the reviewing board deprived the self insurer of findings upon the subject matter

[1] The precursor of G. L. (Ter. Ed.) c. 152, § 48, which provides: "Whenever the department deems it to be for the best interests of the employee or his dependents, and the parties agree, the liability for compensation may be redeemed by the payment in whole or in part by the insurer of a lump sum of an amount to be fixed by the department, not exceeding the amount provided by this chapter."

of its defence. We cannot make those findings. *Lopes's Case,* 277 Mass. 581, 585. *Roney's Case,* 316 Mass. 732, 735. *Moore's Case, ante,* 1, 5–6.

The decree of the Superior Court is reversed, and a decree is to be entered remanding the case to the Industrial Accident Board for further proceedings in conformity with this opinion.

*So ordered.*