THEODORE JANUSKIEWICZ *vs.* BOARD OF SELECTMEN OF SHIRLEY. April 3, 1984. *Police,* Incapacity, Municipality's liability.

The plaintiff claims on appeal that he was a police officer of the town of Shirley who was wrongfully discharged while he was still eligible for benefits under G. L. c. 41, § 111F, as amended by St. 1977, c. 646, § 2. We disagree and affirm the judgment granted the town's selectmen (board) pursuant to Mass.R.Civ.P. 56(b), 365 Mass. 824 (1974).

The undisputed facts are as follows. The plaintiff received a seven-month appointment to the town's police department, effective from December 1, 1980, to June 30, 1981, and was immediately assigned, as required by G. L. c. 41, § 96B, as appearing in St. 1977, c. 932, to complete the required police training program at the State Police Academy. In December, 1980, while in that program, the plaintiff injured his back and was subsequently dismissed from the academy for "physical incapacity due to the back injury." The plaintiff was paid all benefits due him as a result of the injury until February, 1981, when he returned to full-time light duty in the police department. On June 29, 1981, the board voted to continue the plaintiff's employment in a "holdover" status. On December 7, 1981, the plaintiff was dismissed from employment for his failure to complete the prescribed course of training at the academy.

We assume (without deciding): (1) that the plaintiff, despite his status as a trainee at the academy, was a "police officer" within the meaning of G. L. c. 41, § 111F, see *Thibeault* v. *New Bedford,* 342 Mass. 552 (1961) (a probationary officer is a police officer for purposes of collecting § 111F benefits); *Jones* v. *Wayland,* 374 Mass. 249 (1978), *S.C.* 380 Mass. 110 (1980) (a "special" police officer is a police officer under § 111F), and (2) that an injury incurred in training at the academy is one "sustained in the performance of . . . duty" within the meaning of those words in § 111F. See *Wormstead* v. *Town Manager*

*of Saugus*, 366 Mass. 659 (1975). We conclude, however, that whatever rights the plaintiff may have had to receive benefits under G. L. c. 41, § 111F, were terminated by his voluntary return to full-time light duty work in February, 1981, all benefits due him prior to that time having been paid in full. See *Thibeault* v. *New Bedford*, 342 Mass. at 557; *Hennessey* v. *Bridgewater*, 388 Mass. 219, 226 (1983). The plaintiff's reliance on the *Thibeault* decision for a rule that he was dismissed while entitled to § 111F benefits is misplaced. *Thibeault* precludes termination while an officer is on a § 111F leave for the disability that gave rise to the leave. It does not prohibit termination once the officer is back at work full time for cause such as that involved here. It follows that the board could properly dismiss the plaintiff while he was on a "holdover" status, after his temporary appointment, for his failure to complete the training program mandated by G. L. c. 41, § 96B, for all police officers. Compare *Thibeault* v. *New Bedford*, 342 Mass. at 558. We note (as indicated by the board's counsel at oral argument) that the terms of the plaintiff's employment could entitle him to benefits under statutes other than G. L. c. 41, § 111F. *Id.* at 558.

*Judgment affirmed.*

*Vincent A. Murray, Jr.,* for the plaintiff.
*Demitrios M. Moschos,* Special Assistant Town Counsel (*John J. Veysey,* Town Counsel, with him) for the defendant.