MARGARET M. GONSALVES vs. COMMONWEALTH.

No. 88-P-402.

Dukes County.   April 11, 1989. — July 25, 1989.

Present: GREANEY, C.J., KASS, & FINE, JJ.

*Police,* Incapacity, Training program, Municipality's liability. *Contract,* Release from liability.

No public policy considerations were implicated to render void a release of liability executed by a newly recruited municipal police officer that, in effect, allocated liability under the provisions of G. L. c. 41, § 111F, to the recruit's municipal employer rather than the Commonwealth for any injury sustained during a mandatory training program at a State police academy, inasmuch as the officer would not be deprived thereby of compensation in case of such injury. [608-610]

CIVIL ACTION commenced in the Superior Court Department on November 16, 1984.

A motion for summary judgment was heard by *John F. Murphy, Jr.,* J.

*Richard K. Latimer* for the plaintiff.

*Apolo J. Catala,* Assistant Attorney General (*Stanley E. Adelman,* Special Assistant Attorney General, with him) for the Commonwealth.

KASS, J.   During her training at the Framingham State Police Academy (the Academy), Margaret M. Gonsalves, a freshly minted officer in the Tisbury police department, hurt her left pinky finger while playing a prescribed game, "bombardment." She claims a right to maintain an action against the Commonwealth (the Academy is an agency of the Commonwealth), asserting that considerations of public policy override an express allocation of liability by the Academy to the town by which Gonsalves is employed. A judge of the Superior Court, who considered the case on the defendant's motion for summary judgment, entered judgment for the Commonwealth. We affirm.

Relevant facts are not in dispute. With exceptions not here pertinent, a new recruit to a local police force is required to complete a prescribed course at an approved police training school. G. L. c. 41, § 96B. See *Januskiewicz* v. *Selectmen of Shirley*, 17 Mass. App. Ct. 1037 (1984). Officer Gonsalves applied under date of May 16, 1983, for enrollment in a training session at the Framingham State Police Academy. The application, a two-page document, was countersigned by the selectmen of Tisbury and by the chief of police of that town.

Under the terms of the application, Officer Gonsalves "release[d] the sponsoring agency and other departments officially connected or associated with this training program from liability in case of illness or accident." To what the words "sponsoring agency" refer is not clear from the document. Perhaps the reference is to the Massachusetts Criminal Justice Training Council, which, under G. L. c. 41, § 96B, approves police training courses. In any event, sponsoring agency does not mean the police unit which employs the officer. That unit is referred to in the application form as the "employing agency." Officer Gonsalves' "employing agency," therefore, is the Tisbury police department, acting on behalf of the town.

In a portion of the Gonsalves application in which the selectmen and the police chief endorse their approval, those Tisbury officials stipulate that Gonsalves will be in the town's employ during the training session and that the employing agency "assumes liability for any incapacity which the applicant might suffer during his/her participation in the recruit training program." As between the State and the municipalities which send recruits to State academies for training, it is apparent that some care has been taken to impose the burden of compensation for injury incurred during training on the municipalities.[1]

---

[1] This allocation of liability has since the date Gonsalves was hurt become enshrined in regulation. See 550 Code Mass. Regs. § 3.10(3)(b) (1986), added by 400 Mass. Register 6 (1/26/84), which provides that an applicant will not be accepted by an academy director without the assumption by the employing agency "of liability for injury or illness resulting from the training."

Part of the training program at the Framingham State Police Academy in 1983 required the recruits to play "bombardment," a species of dodge ball. It was played with a hard leather ball and the object was to hit players on the opposing team, and so put them "out." The team with the most players left at the end of the game was the winner. It was while playing bombardment that Gonsalves hurt her hand. She is still a member of the Tisbury police force and has received compensation from the town under G. L. c. 41, § 111F.

Gonsalves recognizes the validity, in general, of the allocation of a risk of loss by means of a release. See *Minassian* v. *Ogden Suffolk Downs, Inc.*, 400 Mass. 490, 493 (1987).[2] Her argument is that exacting a release of liability for negligence from an employee in circumstances of compulsion — she was bound to enroll in the training course — is obnoxious to public policy because it deprives the powerless employee of compensation in case of injury and, therefore, the release should not receive recognition in law. As an abstract proposition, the plaintiff's argument is not without an element of interest. The weakness of the argument is that it has no bearing on the facts of this case or, for that matter, to the bulk of employment arrangements in this State.

The argument has no bearing on the facts of this case because Gonsalves was not required to strip herself of remedy. In her capacity as a police officer she was entitled to compensation for injury sustained in the performance of duty. G. L. c. 41, § 111F. The training session was duty mandated by statute,

---

[2] As a general proposition, releases of liability for ordinary negligence are valid. *Ortolano* v. *U-Dryvit Auto Rental Co.*, 296 Mass. 439, 441 (1937). *Lee* v. *Allied Sports Assocs., Inc.*, 349 Mass. 544, 550 (1965). *Henry* v. *Mansfield Beauty Academy, Inc.*, 353 Mass. 507, 510-511 (1968). *New England Watch Corp.* v. *Honeywell, Inc.*, 11 Mass. App. Ct. 948 (1981). *Burten* v. *Milton Bradley Co.*, 763 F.2d 461, 465 (1st Cir. 1985). A release may not shield a defendant from responsibility for violation of a statutory duty. *Henry* v. *Mansfield Beauty Academy, Inc., supra* at 511. In particular instances the Legislature has identified as unfair and unenforceable disclaimers or releases. See, e.g., G. L. c. 106, § 2-719(3), relating to limitations on damages for injury from consumer goods, and G. L. c. 186, § 15, which declares against public policy provisions in leases exonerating a landlord from liability for negligence.

and, as noted above, Gonsalves received benefits under § 111F. Under the second paragraph of § 111F, an injured party or the municipal employer may recover against a negligent third party who was the cause of the injury to the police officer, the first proceeds of recovery to be applied to whatever the municipality has paid the injured officer. The consequence here of the allocation of liability between the town and the Academy is to eliminate the possibility of a third-party action against the Academy, i.e., the Commonwealth. Financial responsibility is fixed upon the city or town which employs the officer. We are of opinion that such an allocation of responsibility among tiers of government is reasonable and offends no principle of public policy. What an injured police officer may look to under the legislative design of § 111F is protection from loss of weekly earnings, *Rein* v. *Marshfield*, 16 Mass. App. Ct. 519, 523 (1983), and that is a protection which Gonsalves never lost. Reimbursement of medical expenses is available under G. L. c. 41, § 100.

Gonsalves fares no better by attempting to draw an expression of public policy favorable to her position from G. L. c. 152, § 66. That statutory provision proscribes voluntary or contractual assumption of the risk as a defense to a personal injury action by an employee in connection with a work-related injury. The purpose of § 66, enacted before workers' compensation insurance or self-insurance became compulsory, was to induce employers to provide for compensation of injured employees, and its current purpose is to exert pressure against employers who fail to comply with insurance requirements. *Price* v. *Railway Express Agency, Inc.*, 322 Mass. 476, 479 (1948). In the instant case, compensation provisions in lieu of workers' compensation, i.e., the provisions of G. L. c. 41, § 111F, were in place. See *Wormstead* v. *Town Manager of Saugus*, 366 Mass. 659, 663 n.5 (1975); *Wincek* v. *West Springfield*, 399 Mass. 700, 704 n.3 (1987); *DiGloria* v. *Chief of Police of Methuen*, 8 Mass. App. Ct. 506, 512 (1979). In the preponderance of employment situations, workers' compensation is in place. It is for that reason that we observed earlier in this opinion that the scenario drawn by the plaintiff,

that an employee would be coerced into waiving all rights of compensation for a work related injury, is more theoretical than real.

*Judgment affirmed.*