Hinkle, J.
Plaintiff Edson Rafferty brings this action against defendants Philip Minervino (Minervino), Philip Minervino Associates, P.C. (Minervino Associates) and others for injuries sustained as a result of a ceiling collapse. Following this incident, Rafferty executed a release running to the defendants, as well as others.
Minervino and Minervino Associates now argues that this release shields them from liability. They move for summary judgment on all claims made against them by Rafferty.
Based on the affidavits on file, the memoranda of the parties and oral argument, for the reasons set forth below, the defendants’ motion is ALLOWED.
BACKGROUND
On June 30, 1990, Rafferty was injured while visiting his wife, Sharon Margulies, M.D., on the premises at 2360-2370 Washington Street, Newton Lower Falls, Massachusetts. Dr. Margulies leases this property from Eleanor Minervino and her son Christopher Minervino (the landlords). Eleanor Minervino’s husband, Philip Minervino, owns the architectural firm, Philip Minervino Associates, P.C., which was responsible for part of the remodeling work done on the building in 1989, as well as some of the reconstruction work after the collapse.
After the ceiling collapse, the tenants and landlords negotiated the terms of both a new lease and reconstruction of the premises. As part of this negotiation, the tenants signed a release pertaining to the landlords, as well as defendants and others. Plaintiff also signed a release which states in part,
For and in consideration of the sum of one Dollar ($1.00) and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the undersigned, Edson H. Rafferty . . . (hereafter the “Releasor”) hereby releases, remises and forever discharges ... (E) Philip Miner-vino . . . and (G) Philip Minervino Associates, P.C .... (hereafter the entities and persons listed in (A) through (G) above collectively the “Releasees”), of and from all claims .. . and liabilities whatsoever of every name and nature, both in law and in equity . . . which against the said Releasees the said Releasor ever had or now has, or which the said Releasor hereafter can, shall or may have in his own name or in the name of or through any other entity, natural or corporate, from the beginning of the world to the date of this Release and Acknowledgment of Satisfaction, including, but not limiting the generality of the foregoing, of and from any and all claims related to and arising out of the ceiling collapse that occurred on June 30, 1990 at 2360-2370 Washington Street, Newton Lower Falls, Massachusetts and the resulting injuries, if any suffered by the undersigned.
Defendant argues that this release is valid and shields them from liability. Plaintiff alleges that the release is invalid as he specifically inquired and was informed by the tenants’ attorney, Richard Weitzen, that the release related only to the landlords. He further alleges that he had no knowledge of the defendants’ relationship to the premises.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not have the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial." Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); accord, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Pederson, supra, 404 Mass, at 17. “(T]he opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment.” LaLonde v. Eisner, 405 Mass. 207, 209 (1989).
Plaintiff argues that the release is voidable because he signed it based upon incorrect information provided by Attorney Weitzen. Defendants contend that the plaintiff cannot claim that the release is voidable merely because he was mistaken when he signed it. They contend that because defendant Miner-vino did not cause the mistake, and enforcement of the release does not lead to an unconscionable result, the release is valid. I find defendants’ argument meritorious.
Under Massachusetts law a unilateral mistake alone will not render a contract voidable. Cormier v. Central Massachusetts Chapter of National Safety Council, 416 Mass. 286, 289 (1993); Torrao v. Cox, 26 Mass.App.Ct. 247, 250-51 (1988) (adopting Restatement (Second) of Contracts §153). In addition to proof *284 of a unilateral mistake, a party seeking to avoid a release must demonstrate that it did not bear the risk of its mistake and also that either the enforcement of the release would lead to unconscionable results or that the releasee caused or had reason to know of the releasor’s mistake. Restatement (Second) of Contracts §153; Torrao, 26 Mass.App.Ct. at 250-51; Covich v. Chambers, 8 Mass.App.Ct. 740, 750 n. 13 (1979).
The plaintiff here has not demonstrated any of these elements. First, the plaintiff assumed the risk of any mistake when he executed a release that specifically named multiple releasees, despite his ignorance of the identity of these persons. Under Massachusetts law, a person signing what is obviously a legal document is presumed to know and understand its contents. Cormier, 416 Mass, at 289. In this case, plaintiff, a lawyer, must be deemed to have either understood what he signed or assumed the risk of any provisions about which he was unclear. Second, this court cannot conclude that enforcement of this contract would be unconscionable, as the circumstances of this contract are not such that “no man in his senses and not under delusion would make on the one hand, and as no honest and fair man would accept on the other.” Covich, 8 Mass.App.Ct. at 750 n.13, quoting Hume v. United States, 132 U.S. 406 (1889). Lastly, as defendants were not involved in the negotiation process, plaintiff cannot demonstrate that they influenced his decision or knew of his mistake.
Accordingly, I find and rule that the release is valid as to these defendants.
ORDER
It is hereby ORDERED that the motion of defendants Philip Minervino and Minervino Associates, P.C. for summary judgment is ALLOWED.