Toomey, J.
Plaintiffs, Hanover Insurance Company and Roland E. Vanaría (“Vanaría”) (collectively “Plaintiffs”), bring this negligence action against defendant, Charles D. Nolan & Sons, Inc. dba E-Z Mini Storage (“Nolan”), alleging that Nolan failed adequately to maintain the Are prevention sprinkler system on its premises. Nolan denies liability and now moves for summary judgment on the grounds that an indemnity provision in the lease agreement is valid and precludes such claims and, alternatively, that it was not the proximate cause of the Plaintiffs’ damages. For the following reasons, Nolan’s motion for summary judgment is DENIED.
BACKGROUND
On April 28, 1993, Vanaría entered into an agreement with Nolan’s predecessor in interest, The Lock Up, to lease a self-service storage unit.[2] The written lease agreement governing the storage unit (the “Lease”) provided that the lessor (now Nolan) was to be protected from all liability for damages due to failure to maintain the storage facility or for the acts or neglect of the lessees of other storage units or of any person. In addition, the Lease recited that lessee’s property within the storage units was stored at lessee’s sole risk and that lessee acknowledged that he was advised to obtain his “own insurance coverage for property which will be stored within the premises and that lessee’s property is not insured by the lessor against loss or damage.” On August 4, 1995, fire destroyed Vanaria’s possessions stored within his self-service unit at Nolan’s facility.
DISCUSSION
Summary judgment must be granted where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and that the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat a motion for summary judgment.” Id. at 17. The opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment. LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
Nolan argues that the Lease insulates it from liability for loss to Plaintiffs’ property due to Nolan’s own or other lessees’ negligence and, thus, summary judgment should be entered in its favor. Alternatively, Nolan contends that there is no evidence that it was the cause of the fire and, therefore, that it is entitled to summary judgment. Vanaria counters that G.L.c. 186, §15 voids the hold harmless provision of the Lease as contrary to public policy and that genuine issues of material fact exist as to the cause of the property damage. Massachusetts case law recognizes the general validity of contractual exemptions from liability for negligence. Cormier v. Central Mass. Chapter of the Nat’l Safety Council, 416 Mass. 286, 288-89 (1993) (“The allocation of risk is not contrary to public policy”) (citations omitted). Despite that general rule, however, G.L.c. 186, §15 precludes the enforcement of any provision within a lease or rental agreement shielding a lessor or landlord from liability where the agreement relates to real property.[3]
Nolan argues that G.L.c. 186, §15 has never been, and should not now be, interpreted to eviscerate liability avoidance provisions in leases of self-service storage units. Specifically, Nolan contends that the need to protect lessees in traditional commercial and residential lease agreements is not present where the leasehold is of self-service storage units. Therefore, he concludes that the protective provisions in self-storage leases should not be subject to statutory voiding as an instrument of public policy.
There is no controlling case law with respect to the question of the applicability of G.L.c. 186, §15 to self-service storage facilities. Nevertheless, it seems clear that the rental of such storage units does fall within the purview of Chapter 186, §15. The statute renders void protective provisions in any lease “relating to real property.” To construe the statute to exclude self-service storage units from the “real property” language of the statute would ignore the plain meaning of its wording and, by implication, the patent purpose of the draftsmen. See Gillette Co. v. Commissioner of Revenue, 425 Mass. 670, 674 (1997) (‘The general rule of construction is that where the language of the statute is plain, it must be interpreted in accordance with its usual and natural meaning of the words”), quoting O’Sullivan v. Secretary of Human *170 Sews., 402 Mass. 190, 194 (1988). This court declines defendant’s invitation to engage in such judicial legislating.
We must, therefore, reject Nolan’s view that a self-service storage unit is not “real property," as that term is employed in §15.[4] Guided by the plain meaning of G.L.c. 186, §15, this court concludes that any provisions within the Lease purporting to insulate Nolan from liability are void.
Additionally, Nolan argues that it did not cause the fire that destroyed Vanaria’s properly and thus, as a matter of law, Nolan was not the proximate cause of the damage. Vanaria responds, however, that, assuming arguendo, the fact that Nolan may not have caused the fire, Nolan’s failure adequately to maintain the fire sprinkler system increased the fire damage sustained by the tenants. As the party moving for summary judgment, Nolan has the burden of affirmatively demonstrating the absence of a triable issue with respect to causation. Pederson, 404 Mass. at 16-17. This Nolan has not done. Whether the sprinkler system failed due to Nolan’s negligence, and if so, whether such failure caused an increase in Vanaria’s property damage are questions of material fact deserving of trial.
ORDER
For the reasons stated above, it is hereby ORDERED that defendant’s motion for summary judgment is DENIED.

The Lease agreement is between Patricia Vanaria and The Lock Up. The plaintiff in this case, Roland Vanaria is not named in the Lease. However, because neither party raises the issue, this court will assume that Roland Vanaria is a party to the lease.

“Any provision of a lease or other rental agreement relating to real property whereby a lessee or tenant enters into a covenant, agreement or contact, by the use of any words whatsoever, the effect of which is to indemnify the lessor or landlord or hold the lessor harmless, or preclude or exonerate the lessor or landlord from any or all liability to the lessee or tenant, or to any other person, for any injury, loss, damage or liability arising from any omission, fault, negligence or other misconduct of the lessor or landlord on or about the leased or rented premises or on or about any elevators, stairs, hallways or other appurtenances used in connection therewith, shall be deemed to be against public policy.” G.L.c. 186, §15.

The court’s interpretation of G.L.c. 186, §15 is supported by G.L.c. 105A, entitled “Self-Service Storage Facilities,” which defines such facilities as “any real property used for renting or leasing individual storage spaces in which the occupants themselves customarily store and remove their own personal property on a self-service basis.” G.L.c. 105A, §1 (emphasis added).

Defendant has offered this motion against each one of the suits filed by the plaintiffs. By agreement, one of the plaintiffs’ counsel argued the matter and it was understood that the court’s decision would control each motion. Therefore, as to the motions of the defendant against each plaintiffs claims, the result reached herein will be dispositive. The suits thus reached are Sears v. Nolan, (No. 96-0820), Menegakis v. Nolan, (No. 95-0156), Larrabee v. Nolan, (No. 96-1658), Pond v. Nolan, (No. 94-2348), Kolb v. Nolan, (No. 95-0385), Dacri v. Nolan, (No. 95-2309), Hmura v. Nolan, (No. 96-2623), Fortier v. Nolan, (No. 97-0339).