Coven, J.
This is an action in tort to recover for injuries sustained by the plaintiff when he participated in an ice hockey game held on the defendant’s premises. The court allowed the defendant’s motion for involuntary dismissal based on a written waiver signed by the plaintiff, and the plaintiff has appealed pursuant to Dist./Mun. Cts. R. A. D. A., Rule 8C.
The plaintiff was a seasoned hockey player who had continued to participate in the sport he played in both high school and college. At the time in question, he was a member of an adult hockey league sponsored by The Hockey Academy, Inc., whose games were played at the defendant’s ice rink. As a condition prerequisite to both membership in the Hockey Academy and participation in any of its games, the plaintiff was required to sign a waiver of liability releasing the Hockey Academy and the host rink from any and all liabilities.[1] The plaintiff received, read and executed the waiver.
On May 15, 1995, while playing in a league game sponsored by the Hockey Academy, the plaintiff suffered a skull fracture when he skated into a hole on the ice at the defendant’s rink, fell, and careened into the boards surrounding the rink. Later investigation revealed that there was a defect in the roof of the defendant’s building which resulted in a leak, and that water leaking from the roof caused a hole to develop in the ice below.
*275 1. Contrary to the plaintiffs initial argument, “[t]here is no rule of general application that a person cannot contract for exemption from liability for his own [ordinary] negligence and that of his agents and servants.” Clarke v. Ames, 267 Mass. 44, 47 (1929). It is also well established that “a right which has not yet arisen may be released.” MacFarlane’s Case, 330 Mass. 573, 576 (1953). Thus the defendant could validly contract to exempt itself from all liability which might arise from its own ordinary negligence. Cormier v. Central Mass. Chapter of the Nat’l Safety Council, 416 Mass. 286, 288 (1993), citing Orlando v. U-Dryvit Auto Rental Co., 296 Mass. 439 (1937) and Barrett v. Conragan, 302 Mass. 33 (1938). And in the absence of fraud or duress, the plaintiff was bound by any waiver he executed which released the defendant from liability. Lee v. Allied Sports Associates, Inc., 349 Mass. 544, 550-551 (1965).
The waiver signed by the plaintiff herein absolved the defendant from all liability for any injuries he sustained while participating in a program sponsored by the Hockey Academy. Even when interpreted so as to resolve any doubts in the plaintiffs favor, see Lechmere Tire & Sales Co. v. Burwick, 360 Mass. 718, 721 (1972), the waiver clearly and comprehensively exempts the defendant from “any and all liabilities for any injuries sustained. ...”[2] Moreover, the record is devoid of any evidence of fraud or duress. Indeed the plaintiff testified at trial that he read and voluntarily signed the waiver and understood its terms. The waiver was thus valid and unequivocally exempts the defendant from any liability for ordinary negligence.
2. The plaintiff also contends that the waiver was contrary to public policy because it deprived the powerless Hockey Academy members of necessary compensation for injuries arising from the defendants negligence. It is well established in this Commonwealth, however, that “ [t]he allocation of risk by agreement is not contrary to public policy.” Minassian v. Ogden Suffolk Downs, Inc., 400 Mass. 490, 493 (1987). See generally Canal Elec. Co. v. Westinghouse Elec. Corp., 406 Mass. 369, 374 (1990); Gonsalves v. Commonwealth, 27 Mass. App. Ct. 606, 608 (1989). In placing the risk on the participants of the Hockey Academy’s league, the waiver in this case was not unconscionable or contrary to public policy simply because the Academy presented the document on a “take it or leave if’ basis. The plaintiff was under no compulsion to participate in Hockey Academy league games and, as an experienced hockey player, was well aware of the risks inherent in choosing to do so.
3. Finally, we address briefly the plaintiff’s suggestion in oral argument that the waiver was invalid in the circumstances of this case because the defendant’s failure to repair the defect in the roof or to warn the players constituted gross negligence.[3] While there is authority for the proposition that a party may not validly contract against liability for harm caused by his gross negligence, Zavras v. Capeway Rovers Motorcycle Club, Inc., 44 Mass. App. Ct. 17, 18-19 (1997), there is nothing in the record herein to indicate that the defendant’s acts or omissions were of such an aggravated nature. Gross negligence
*276 is substantially and appreciably higher in magnitude than ordinary negligence. It is materially more want of care than constitutes simple inadvertence. It is an act or omission respecting legal duty of an aggravated character as distinguished from a mere failure to exercise ordinary care. It is very great negligence, or the absence of slight diligence, or the want of even scant care. It amounts to indifference to present legal duty and to utter forgetfulness of legal obligations so far as other persons may be affected.
Davis v. Walent, 16 Mass. App. Ct. 83, 92 (1983), quoting from Altman v. Aronson, 231 Mass. 588, 591-592 (1919). The record instead discloses that on the day in question, for several hours prior to the game in which the plaintiff was injured, the defendant’s employees repeatedly inspected the ice, filled and repaired any visible holes or defects and cleaned and reshaved the ice surface. Clearly, the defendant’s conduct did not even approach that failure to exercise even the slightest diligence which is the hallmark of gross negligence.
Judgment affirmed. Appeal dismissed.
So ordered.

 The waiver executed by the plaintiff stated: "I hereby absolve The Hockey Academy, Inc., including its officials and representatives, and the host rink from any and all liabilities for any injuries sustained while participating in a program sponsored by the Hockey Academy, Inc. I understand and knowingly recognize and accept that participation in a program sponsored by The Hockey Academy, Inc. constitutes a risk of serious injury or death. The Hockey Academy, Inc. reserves the right to suspend individuals and teams as it deems necessary.”

 The facts of this case are similar to those in Cormier v. Central Mass. Chapter of the Nat’l Safety Council, supra, wherein the Court enforced a contractual waiver of liability which released the defendant from “any and all liability, loss, damage, costs, claims and/or causes of action, including but not limited to all bodily injuries. ...” Id. at 287.

 The issue of gross negligence was not raised in the complaint or at trial. See Still v. Commissioner of Employment & Training, 423 Mass. 805, 808 n.3 (1996); Unisys Finance Corp. v. The Allan R. Hackel Org., Inc., 42 Mass. 275, 279 n.4 (1997).