Brennan, J.
This case is an appeal pursuant to Rule 8C of the Massachusetts District/Municipal Court Rules for Appellate Division Appeal. This appeal arises from the court’s denial of the plaintiffs motion for summary judgment and the allowance of defendants motion for summary judgment after reconsideration. The facts necessary for an understanding of the matter are as follows:
On or about December 26,1997, Susan J. Webb (hereinafter, plaintiff/appellant) took her son, Max to Jiminy Peak (hereinafter, defendant/appellee) for a winter vacation. While at defendants ski resort, plaintiff and her son enrolled in defendants “learn to ski” program, which provided plaintiff with a ski package that included a lesson, lift ticket and equipment rental for a flat fee. On the second day of the “learn to ski program,” plaintiff and her son arrived at defendants resort and proceeded to rent equipment After filling out the necessary paperwork and undergoing the required measurements and fittings, plaintiff and her son were issued ski boots and skis. Plaintiff acknowledged receipt of the equipment and signed a release form. She accepted the equipment and went to a bench where she and her son each put on a pair of boots and proceeded to the ski slope.
Thereafter plaintiff and her son began skiing on the beginner slope. During the course of the morning, plaintiff noticed that the bindings on her son’s skis began releasing at inappropriate times. They returned to the rental area and a technician adjusted the binding on Max’s skis. Apparently the boots were too small for the binding and, as a result, they did not fit snugly into the bindings. After minor adjustment, Max’s equipment was fine. Later that morning plaintiff discovered that her bindings were too tight She discussed this with a member of the ski patrol and continued skiing. Shortly thereafter, plaintiff fell, her bindings failed to release and she was injured. It was later discovered that she was wearing Max’s boots on a pair of bindings set for a smaller boot and Max was wearing her boots which had been refitted to his skis and bindings. In other words, she was wearing the boots that had been intended for Max.
On or about December 24, 1998, plaintiff filed a complaint against defendant alleging that defendant was negligent Defendant filed its answer and on July 13, 2000 plaintiff filed a motion for summary judgment pursuant to Rule 56 of Mass. R. Civ. P. On July 24, 2000 defendant filed OPPOSITION of the defendant, Jiminy Peak, to plaintiff’s motion for summary judgment and the defendants cross motion for summary judgment On July 27, 2000 both motions were denied and scheduled for trial. On January 22,2001 plaintiff filed a motion for reconsideration of her motion for summary judgment and on February 6, 2001 judgment for the defendant by summary judgment was entered. In his decision the judge reaffirmed his DENIAL of the plaintiffs motion for summary judgment and reversed the earlier decision denying defendants motion for summary judgment and went *17 on to ALLOW defendants motion for summary judgment
The sole issue before the court is whether the court committed reversible error in granting summary judgment in favor of the defendant Plaintiff argues that the release that she signed should be unenforceable owing to the disadvantage in bargaining power between the parties and that in the alternative, the court should find that she made a unilateral mistake and that the release should be considered null and void.
Plaintiff asserts that there is a significant disadvantage in bargaining power between plaintiff and defendant In short she states that she would not be able to secure rental skis without signing the release form. As such, plaintiff suggests that this release form should not preclude her from recovery as she was at a disadvantage when she signed it In addition plaintiff asserts that the release form should be considered null and void because she made a unilateral mistake. She relies on the premise that defendant provided her with the wrong equipment However, the record seems clear that both sets of equipment were provided to plaintiff and her son and that they took the equipment to another area and put them on. In other words, defendant did not supervise plaintiff and her son when they put on their boots. Plaintiff further alleges that the release form should be considered unconscionable.
The law is well established that when deciding motions for summary judgment the court may consider pleadings, depositions, answers to interrogatories, admissions on file and affidavits, Mass. R Civ. E, Rule 56(c). The court grants summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving parties to a judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419; Community National Bank v. Daws, 369 Mass. 550. Among the exhibits considered by the judge in deciding the motion for summary judgment was the rental agreement provided by the defendant and signed by the plaintiff
This rental agreement provides, in pertinent part, as follows:
3.1 agree to hold harmless and indemnify the ski shop and its owners, agents and employees, as well as the manufacturers and distributors of this equipment for any loss or damages, including any that results from claims for personal injury, death or property damages related to the use of this equipment
5.1 understand that there are inherent and other risks involved in the sport of snow skiing for which this equipment is to be used, that injuries are common and ordinary occurrence of the sport, and I freely and voluntarily assume those risks.
6.1 understand that the ski-boot-binding system will not release at all times or under all circumstances where release may prevent injury, nor is it possible to predict every situation in which it will release, and it is, therefore, no guarantee of my safety.
7.1 hereby release from any legal liability the ski shop and its owners, agents and employees from any and all liability for damages and injury or death to myself or to any person or property resulting from the selection, installation, adjustment, maintenance or use of this equipment, and for any claim based upon negligence, breach of warranty, contract, claim or product defect, or other legal theory, accepting myself, the full responsibility for any and all such damages or injury which may result
The law in Massachusetts is clear that “as a general proposition, releases of liability for ordinary negligence are valid.” Gonsalves v. Commonwealth, 27 Mass. *18 App. Ct. 606. Further, in the case of Vallone v. Donna, 49 Mass. App. Ct. 330, the court reiterated that “we have repeatedly recognized that at least in the case of ordinary negligence, the ‘allocation [of] risk by agreement is not contrary to public policy,’” citing Cormier v. Central Mass. Chapter of the National Safety Council, 416 Mass. 289 & n.1; Zavaras v. Capeway Rovers Motorcycle Club, Inc., 44 Mass. App. Ct. 17, 18 (1997).
The present case is analogous to the case of Vallone v. Donna, 49 Mass. App. Ct. 330 (2000). In that case plaintiff fractured his leg while skating at an ice rink owned by the Boys’ & Girls’ Club of Pittsfield. Plaintiff alleged that the defendants were negligent in maintaining the ice surface. Defendants filed a motion for summary judgment based on the grounds that a release signed by the plaintiff barred the action. The court rules that the release was valid and entered judgment for the defendants. Here, as in the Vallone case, the release is not an unconscionable contract “such as no man in his senses and not under delusion would make on the one hand, and as no honest and fair man would accept on the other” Waters v. Min., Ltd., 412 Mass. 64 (1992).
For all of the above reasons the decision of the court is upheld and plaintiff/ appellant’s appeal of the court’s denial of her motion for summary judgment and the allowance of the defendant’s motion for summary judgment is dismissed.