Ford, Daniel A., J.
The Third-Party Defendant/Plaintiff in Counterclaim, Hoosac School, hereby moves this Honorable Court to enter summary judgment in its favor, by dismissing all counts of the Third-Party Complaint by The City of North Adams pursuant to Mass.R.Civ.P. 56(c).
The question of whether a written agreement is to be construed as a license or a lease is an issue of law to be decided by the Court. See Roberts v. Lynne Ice Co., 187 Mass. 402 (1905). Use of words such as “lease” or “rental” in the agreement is not controlling. See R.H. White Co. v. Remick, 198 Mass. 41 (1908). The issue is which party maintains possession and control of the premises. See Gaertner v. Donnelly, 296 Mass. 260 (1936). Here, the addendum to the agreement itself provides that “WMSR now reserves the right to control and manage the premises and to enforce all necessary and proper rules for the management and operation of the premises . . .” The agreement did not grant possession of the premises and the exclusive occupation of the premises for all purposes not prohibited by the agreement, as might be expected of a lease. Rather, it granted to Hoosac School the right to use the premises for a specific purpose during limited periods of time in exchange for a fee. In my judgment, that is nothing more than a license. Because the written agreement between the parties was not “a lease or other rental agreement relating to real property” within the meaning of G.L.c. 186, section 15, that statute does not apply. See Minassian v. Ogden Suffolk Downs, Inc., 400 Mass. 490, 493. Accordingly, I am unable to conclude that the indemnification provision in the agreement is against public policy and void. For these reasons this motion is DENIED.